UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOE LOUIS TAYLOR,           )<br>                                              )<br>            Petitioner     )<br>                                              )<br>    vs.                              )     CAUSE NO. 3:04-CV-692 RM<br>                                              )     (Arising out of 3:99-CR-44(02) RM)<br>UNITED STATES OF AMERICA,  )<br>                                              )<br>            Respondent   ) | |

OPINION and ORDER

On July 10, 2006, Joe Louis Taylor's petition filed pursuant to 28 U.S.C. § 2255 was denied, and, on July 11, judgment was entered. Mr. Taylor is now before the court seeking clarification of the July 10 order. Mr. Taylor represents that he delivered his motion, with the appropriate postage attached, to the prison's mail room on July 21, within ten days of the entry of judgment, and so Federal Rule of Civil Procedure 59(e) controls. Edwards v. United States of America, 266 F.3d 756, 758 (7th Cir. 2001). Mr. Taylor, therefore, must "clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence." Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

In his motion, Mr. Taylor requests the court to resolve and "clarify" four issues. He asks the court to state exactly when the government established a foundation relating to the transcript of the audio taped police communications and whether the court had determined that Captain Sherbun's testimony was

credible, and to issue findings of fact and conclusions of law relating to "his confrontation violations" and to the government's "waiver of standing argument." While Mr. Taylor claims the court "should resolve all ambiguity" and issue a new order "clarifying the appropriate laws and facts," he hasn't set forth any newly discovered evidence or manifest error that would justify amending the judgment. *See* Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th Cir. 1992) (a Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously."). Accordingly, his motion for clarification [filed July 26, 2006] is DENIED.

    SO ORDERED.

    ENTERED:   August 1, 2006

                             /s/ Robert L. Miller, Jr.
                             Chief Judge
                             United States District Court