UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOE LOUIS TAYLOR, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:04-CV-692 RM<br>(Arising out of 3:99-CR-44(02) RM) |

OPINION and ORDER

Following the July 10, 2006 denial of his petition filed pursuant to 28 U.S.C. § 2255, Joe Louis Taylor filed a motion for clarification of the court's order pursuant to Federal Rule of Civil Procedure 59(e). The motion for clarification was denied on August 1. Mr. Taylor claims he never received the August 1 order and so missed the deadline to file an appeal. He now asks to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

In support of his claim that he didn't receive the August 1 order, Mr. Taylor submits a sworn statement of D. Burton, Unit Counselor, stating that Mr. Taylor didn't receive any legal correspondence between July 26, 2006 and September 30, 2006. Mr. Taylor's claim is further buttressed by his filing of a motion for leave to supplement his motion for clarification on September 22, more than a month and a half after the motion for clarification was denied.

Federal Rule of Appellate Procedure 4 allows a district court to reopen the time to file a notice of appeal if:

>  (A) the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6).

Ms. Burton's sworn statement and Mr. Taylor's filing of a motion that refers to his "pending" motion for clarification a month and a half after the clarification motion was denied demonstrate, as necessary under subsection (A), that Mr. Taylor didn't receive the order denying his motion to clarify within twenty-one days of its entry. A question remains under subsection (B) as to exactly when Mr. Taylor received notice that his motion had been denied. Mr. Taylor filed a request with the clerk of the court for a copy of the docket sheet in this case in December 2006. A copy of the docket was mailed to him on December 14, 2006. Entry number 6 on the docket would have provided Mr. Taylor with notice that his motion for clarification had been denied. Mr. Taylor, though, states in his current motion that "the above referenced motion was received on January 16, 2007," and while it isn't clear what "above referenced motion" Mr. Taylor refers to, he did file his motion for leave to reopen the time to file an appeal within 180 days of the denial of his motion for clarification, as required under subsection (B). And allowing Mr. Taylor to proceed on appeal can't be seen as unduly prejudicial to the government under subsection (C). Based on Mr. Taylor's having received a sentence of 958 months, the court will give him the benefit of the doubt and grant his motion for leave to

2

reopen the time to file the notice of appeal. *See* United States v. Roberts, 749 F.2d 404, 407 (7th Cir. 1984) (holding that where there is good reason for allowing an extension, there is no need for perfect compliance) (*abrogated on other grounds by* Libretti v. United States, 516 U.S. 29 (1995)).

Mr. Taylor has also filed a motion asking that he be permitted to proceed *in forma pauperis* on his appeal. He reports he has no funds to pay the necessary filing fee, and the court notes Mr. Taylor was found to be indigent in the trial court and on appeal. Accordingly, his motion will be granted.

The court construes Mr. Taylor's *in forma pauperis* motion as requesting a certificate of appealability, as well. Mr. Taylor's § 2255 claims relate to his belief that he received ineffective assistance of counsel, first, from the attorney who represented him at his suppression hearing and on the government's appeal of that ruling, second, from his trial counsel, and, lastly, from his appellate counsel. While Mr. Taylor has advanced a number of reasons he believes counsel rendered ineffective assistance, none of his arguments rise to the level of "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). His request for a certificate of appealability will be denied.

Based on the foregoing, Mr. Taylor's motion to reopen time to file an appeal [filed January 22, 2007] is GRANTED, his motion to proceed *in forma pauperis* on appeal [filed January 22, 2007] is GRANTED, and his request for a certificate of appealability is DENIED.

SO ORDERED.

3

ENTERED:   February 2, 2007

　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　United States District Court